(No. 93-CC-1262-)

JOHNNIE VEAL, Claimant, *v.* PAUL KLINCAR *et al.*, Respondents.

*Order filed August 5, 1996.*

Johnnie Veal, pro se, for Claimant.

Jim Ryan, Attorney General (Donald C. McLaughlin, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This matter coming to be heard on the motion of Respondent to dismiss the claim herein, and it appearing to the Court that Claimant has received due notice, and the Court being fully advised in the premises:

1. When Claimant was an inmate at the Sheridan Correctional Center, he brought this complaint in tort against Paul Klincar and the Illinois Prisoner Review Board, including present and/or past Prisoner Review Board members. Claimant was convicted of a crime and sentenced on January 31, 1972.

2. Claimant appears to allege that the Prisoner Review Board arbitrarily acted beyond its legal authority by applying a three-year appearance date to the Board for Claimant and later applying section ·1003—5(f) of the Unified Code of Corrections (Ill. Rev. Stat. ch. 38, par. 1003—5(f)) to this action, subjecting Claimant to endure

an *ex post facto* condition. Based on the Prisoner Review Board's actions Claimant alleges the Respondents caused severe mental and emotional distress, and physical and psychological humiliation to Claimant. As a result, Claimant prays this Court enter a judgment against the Respondents and for the Claimant for a total sum of $830,000.

3. The Illinois Court of Claims is a court of limited jurisdiction. (See 705 ILCS 505/5 (1992).) The Claimant's complaint is based on a decision of the Prisoner Review Board, which Claimant alleges acted arbitrarily and beyond its legal authority. The Court of Claims Act does not confer jurisdiction on the Court of Claims to hear decisions of the Prisoner Review Board. Furthermore, the Prisoner Review Board does not provide a mechanism for a review/appeal of its decisions to the Illinois Court of Claims.

4. The Prisoner Review Board's procedures for requesting a rehearing of a decision regarding parole are quite specific. Title 20, Ch. IV, Section 1610.100 of the Illinois Administrative Code provides:

"(1) A rehearing will be granted only by the affirmative action of the Board in conference.

(2) After a parole is denied, a rehearing may be requested by the person who was denied parole or another in his behalf. Such request must be made in writing and must set forth new facts or extraordinary circumstances which could not have been known to the parole applicant at the time of his interview by the Board member, or new facts or extraordinary circumstances which have arisen subsequent to the time of the interview, or both, which have not been previously considered." Title 20, Ch. IV, Section 1610.100 Illinois Administrative Code.

5. This is the proper recourse of review available to the Claimant. Claimant has not requested a hearing. Thus, jurisdiction to entertain this matter does not lie in the Court of Claims. In addition, by filing a claim in the Court of Claims and not petitioning for hearing according to the rules established by the Prisoner Review Board,

the Claimant has failed to exhaust his administrative remedies as required by section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) and section 25 of the Court of Claims Act (705 ILCS 505/25), which require that any person who files a claim in the Court shall, before seeking final determination of his claim, exhaust all remedies, whether administrative, legal or equitable.

6. Rule 790.90 of the Court of Claims Regulations provides that failure to comply with the provisions of 790.60 shall be grounds for dismissal.

Wherefore, based on the Court of Claims' lack of jurisdiction to review decisions of the Prisoner Review Board, or, in the alternative, Claimant's failure to exhaust available remedies, Respondents respectfully move this court to enter an order dismissing Claimant's claim with prejudice.

It is hereby ordered that the motion of Respondent be, and the same is, hereby granted, and the claim herein is dismissed, with prejudice.